IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CDS GLOBAL, INC., <br><br> Plaintiff, <br><br> v. <br><br> THE ARENA GROUP HOLDINGS, INC., <br><br> Defendant. | Civil Action No. 1:25-cv-2397 <br><br> **COMPLAINT AND JURY DEMAND** |

Plaintiff CDS Global, Inc. ("CDS") files this Complaint against Defendant The Arena Group Holdings, Inc. ("Arena") and alleges as follows:

## NATURE OF THE ACTION

1. CDS, a magazine subscription service provider, reluctantly sues its former partner Arena for refusing to return six deposits totaling $799,932.25 ("Deposits"), which Arena admits belong to CDS. CDS's agreement with Arena terminated in May 2024. Due to an unfortunate oversight in updating certain account information after the termination, CDS sent the Deposits in December 2024 and January 2025 to Arena's account by mistake. As soon as an Arena accountant brought the error to CDS's attention, CDS took immediate steps to rectify it and demanded that Arena return the Deposits straightaway. Arena employees have acknowledged in writing that the Deposits are not Arena's money. Yet, months after receiving CDS's demand to return the Deposits, Arena has not done so. Instead, Arena has gone silent.

2. CDS is therefore compelled to pursue this action for conversion to recover the Deposits, to which CDS is indisputably entitled.

## PARTIES, JURISDICTION, AND VENUE

3. Plaintiff CDS is an Iowa corporation whose principal place of business is in Des Moines, Iowa.

4. Defendant Arena is a Delaware corporation whose principal place of business is in New York, New York.

5. This Court has diversity jurisdiction over CDS's claim pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states, and the amount in controversy exceeds $75,000 exclusive of interest and costs.

6. This Court has personal jurisdiction over Arena because its principal place of business is in New York, New York.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Arena's principal place of business is in this District, and a substantial part of the events or omissions giving rise to CDS's claims occurred in this District.

## FACTUAL ALLEGATIONS

8. CDS provides subscription management and order fulfillment solutions to magazine publishers, among other services.

9. Prior to May 16, 2024, CDS and Arena had an agreement ("Agreement") for CDS to provide services in connection with Arena's then-publication of certain magazine titles. As part of its services during the term of the Agreement, CDS periodically deposited funds into a JP Morgan Chase account belonging to Arena ("Arena Account").

10. The Agreement between CDS and Arena terminated as of May 16, 2024. As Arena knows, CDS has had no obligation or reason to deposit funds into the Arena Account since that date.

11. On January 14, 2025, Elina Gavrielova, an accountant at Arena, emailed a CDS employee to alert her that Arena had received recent deposits from CDS by mistake, as Arena no longer had rights to the magazine to which the deposits pertained. Ms. Gavrielova wrote:

> We recently started receiving deposits from CDS for [the magazine] again. We no longer own [the magazine] and haven't received deposits since around March 2024. Would you please look into this for us, or redirect me to someone who can?

12. On January 16, 2025, Barbara Nelson, Chief Business Officer at CDS, responded to Ms. Gavrielova that due to an error, six Deposits totaling $799,932.25 were mistakenly sent by CDS to the Arena Account between December 13, 2024, and January 14, 2025. Ms. Nelson demanded that Arena return the Deposits to CDS and provided detailed information including the exact amount and date of each Deposit for Arena's reference:

| Date of Deposit | Amount |
|---|---|
| 12/13/24 | $1034.09 |
| 12/17/24 | $794,790.54 |
| 12/23/24 | $1769.29 |
| 01/02/25 | $1664.21 |
| 01/06/25 | $110.07 |
| 01/14/25 | $221.61 |
| 01/14/25 | $342.44 |
|  | **Total: $799,932.25** |

13. On January 21, 2025, Deborah Schneider, Vice President of Client Services at CDS, wrote about the issue to Marylou Grimaldi, Vice President of Membership Sales and Services at Arena. Ms. Grimaldi responded the same day that she understood the Deposits "were made in error," and she believed Arena's finance team was looking into the matter.

14. On January 27, 2025, Ms. Nelson wrote to Geoffrey Wait, Arena's Principal Financial Officer, repeating CDS's demand for the return of the Deposits.

3

15. On January 29, 2025, Laura Price, Chief Financial Officer at CDS, also wrote to Mr. Wait, reiterating Ms. Nelson's request for assistance. On January 29, 2025, Mr. Wait responded to Ms. Price, asking for "a few days to look into the matter further."

16. On February 4, 2025, Ms. Price wrote again to Mr. Wait, who did not respond.

17. On February 7, 2025, counsel for CDS wrote a letter to J. Alex Wasserburger, Senior Vice President and General Counsel of Arena, again relaying CDS's demand for the return of the Deposits. Mr. Wasserburger did not respond.

18. On February 21, 2025, Ms. Grimaldi wrote to Ms. Schneider asking whether CDS had heard from Arena's "legal team," which was now "managing" the matter. Ms. Grimaldi apologized she "could not be more help."

19. Since Ms. Nelson's January 16, 2025 demand for the Deposits, Arena has not provided any substantive response to CDS, let alone returned the Deposits. Arena does not and cannot claim any entitlement to the Deposits. Indeed, multiple Arena employees have acknowledged in writing that the Deposits were sent by CDS to Arena in error.

## FIRST CAUSE OF ACTION

### Conversion

20. CDS repeats and realleges all allegations of this Complaint as if set forth fully herein.

21. CDS has a possessory right or interest in the Deposits.

22. Arena has unauthorized dominion over the Deposits, which were mistakenly sent by CDS to the Arena Account.

23. In derogation of CDS's right or interest in the Deposits, Arena knowingly and without authority interfered with the Deposits by refusing to comply with CDS's demand to return the Deposits.

24. By reason of Arena's conduct, CDS has been damaged in the amount of the stolen Deposits, totaling $799,934.25, plus interest, costs, and attorneys' fees.

## DEMAND FOR JURY TRIAL

CDS demands a trial by jury as to all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, CDS respectfully requests that the Court:

(a) Award damages in favor of CDS in an amount to be determined through trial but not less than $799,934.25, plus interest, costs, and attorneys' fees; and

(b) Grant such other and further relief as this Court deems just and proper.

Dated: New York, New York
March 24, 2025

Respectfully Submitted,

By: /s/ Jonathan R. Donnellan
Jonathan R. Donnellan
jdonnellan@hearst.com
Sarah S. Park
sarah.park@hearst.com
The Hearst Corporation
Office of General Counsel
300 West 57th Street, 40th Floor
New York, New York 10019
Tel: (212) 649-2042
Fax: (646) 280-2030

*Counsel to Plaintiff CDS Global, Inc.*